IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COLEEN A. MCNEILL, | ) | CIVIL NO. 11-00679 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANT |
| vs. | ) | KAISER FOUNDATION |
| | ) | HOSPITALS' MOTION FOR |
| KAISER FOUNDATION HOSPITALS, | ) | PARTIAL SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT KAISER FOUNDATION HOSPITALS' MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

On November 7, 2011, Plaintiff Coleen A. McNeill ("Plaintiff") filed this action against her former employer, Defendant Kaiser Foundation Hospitals ("Defendant"), asserting claims for violations of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, and state law concerning her alleged disparate treatment and constructive discharge due to her race and disability, and for retaliation.

Currently before the court is Defendant's Motion for Partial Summary Judgment, arguing that Plaintiff failed to exhaust her administrative remedies as to her claims for disability discrimination, disability hostile work environment, and

retaliation.  In opposition, Plaintiff agrees to dismissal of any claims for disability

discrimination including those for hostile work environment and retaliation based

on disability discrimination.  At the September 4, 2012 hearing, Plaintiff further

agreed to dismissal of her claim asserting that she was retaliated against for

reporting illegal Medicare activities, with leave for Plaintiff to clarify the basis of

this claim.[1]

      As a result, remaining at issue is whether Plaintiff has exhausted her

claim that she was retaliated against after reporting race discrimination.  Based on

the following, the court finds that Plaintiff's EEOC/HCRC Charge of

Discrimination ("Charge") adequately described this claim such that she exhausted

her administrative remedies.  The court therefore GRANTS in part and DENIES in

part Defendant's Motion for Partial Summary Judgment.

## II.  <u>BACKGROUND</u>

      On November 7, 2011, Plaintiff filed her Complaint against Defendant

asserting claims for: (1) disparate treatment and constructive termination on the

basis of race and disability; (2) hostile work environment on the basis of race and

---

[1]  At the September 4, 2012 hearing, the court explained that because Plaintiff's
EEOC/HCRC Charge of Discrimination contained no mention of reporting Medicare abuses, a
Title VII retaliation claim based on reporting Medicare abuses appears to not be exhausted.  In
response, Plaintiff asserted that this claim is not based on Title VII and agreed to dismissal of
this claim with leave for Plaintiff to file a Rule 15 Motion seeking to file an Amended Complaint
clarifying the basis of this claim (if indeed supported by law).

disability; (3) infliction of emotional distress; (4) retaliation;

(5) defamation; (6) invasion of privacy; and (7) violation of Hawaii's

Whistleblower's Protection Act, HRS § 378-61.

On June 15, 2012, Defendant filed its Motion for Partial Summary

Judgment.  Plaintiff filed an Opposition on August 14, 2012, and Defendant filed a

Reply on August 21, 2012.[2]  A hearing was held on September 4, 2012.

### III.  <u>STANDARD OF REVIEW</u>

Summary judgment is proper where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a).  Rule 56(a) mandates summary judgment "against a party who

fails to make a showing sufficient to establish the existence of an element essential

to the party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of*

*Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of

informing the court of the basis for its motion and of identifying those portions of

---

[2]  At the September 4, 2012 hearing, the court also requested that Defendant submit to the court a letter providing a list of cases that support Defendant's contention that summary judgment should be granted based on application of *Ellerth/Faragher* defense.  Defendant instead ignored the court's instructions and submitted lengthy arguments in support of its Motion.  The court struck Defendant's letter and does not consider its arguments here.

the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

       "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence

4

of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn

in his favor" (citations omitted)).

## IV.  <u>DISCUSSION</u>

For the court to have federal subject matter jurisdiction over a Title

VII claim, Plaintiff must have first exhausted her EEOC administrative remedies

with respect to that claim.  *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.

1994); *see also Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) ("Title VII

claimants generally establish federal court jurisdiction by first exhausting their

EEOC administrative remedies.").  An EEOC remedy has been exhausted for a

given claim where "that claim fell within the scope of the EEOC's *actual*

investigation or an EEOC investigation which *can reasonably be expected* to grow

out of the charge of discrimination."  *Farmer Bros. Co.*, 31 F.3d at 899 (internal

quotations and citation omitted).

The exhaustion analysis often turns on what is asserted in the EEOC

charge, which must be construed "with utmost liberality since [it is] made by those

unschooled in the technicalities of formal pleading."  *B.K.B. v. Maui Police Dep't*,

276 F.3d 1091, 1100 (9th Cir. 2002).  With that said, however, "[i]ncidents of

discrimination not included in an EEOC charge may not be considered by a federal

court unless the new claims are like or reasonably related to the allegations

contained in the EEOC charge." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (quoting *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989); *See also Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981) ("The charge must at least describe the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed." (quotations and citations omitted)).  In determining whether a new claim is like or reasonably related to the allegations in the EEOC charge, the court should consider:

> such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred.  In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case.

*B.K.B.*, 276 F.3d at 1100 (citation omitted).

As alleged in the Complaint, Plaintiff bases her retaliation claim on "the actions of Defendant's agents and employees in constructively terminating Plaintiff or otherwise discriminating against her because she opposed the discrimination alleged herein in violation of [Title VII] . . . ."  Doc. No. 1, Compl. ¶ 21.  Because neither party asserts that the EEOC actually investigated whether

Defendant retaliated against Plaintiff,[3] the issue presented by Defendant's Motion is whether Plaintiff's retaliation claim is sufficiently like or reasonably related to the allegations contained in her Charge such that an EEOC investigation into the claimed retaliation could reasonably be expected to grow from the Charge.

Turning to the Charge, Plaintiff did not check the box for retaliation, and instead checked the box for discrimination based on race and described the date(s) of discrimination as occurring on July 5, 2010 only (as opposed to a continuing violation).  Doc. No. 19-2, Def.'s Ex. A.  But the Charge further details Plaintiff's claim:

> On February 24, 2004, I was hired by the above-named employer.  My current job title is Registered Nurse (Utilization Management/Discharge Planner).  During my employment, my supervisor Wendy Kon (Asian female) has continually subjected me to disparate treatment compared to similarly-situated non-White employees. Despite my experience and knowledge, I am not allowed to orient new employees to the department or work on an outer island passport program for patients.
> In February 2010, I was reprimanded for praying with a patient at her request.  In April 2010, Kon falsely accused me of calling in sick.  In June 2010, Kon verbally reprimanded me in front of co-workers about my

---

[3] Indeed, "whether the EEOC in fact conducted any investigation at all is not material for purposes of exhaustion." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (citing *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1413, 1416 n.7 (10th Cir. 1993) (stating that where the EEOC "did not complete an investigation" plaintiff nevertheless succeeded in exhausting claims reasonably related to the allegations included in her EEOC charge)).

7

> attendance.  I complained about disparate treatment to management to no avail.
>
> I have also been assigned me [sic] the busiest work schedules (including consecutive holidays 7/04-7/05 and other recent consecutive holiday weekends to work).  In July 2010, Kon sent out an email delegating work assignments to staff.  The email specifically indicated that I would be assigned to the Pediatric Intensive Care Unit which I am not familiar.  Further, I felt that I was singled out because only my job duties were described in the email which was sent to Utilization Management staff. . . .

Doc. No. 19-2, Def.'s Ex. A.

Although a close call, the court finds that an investigation into Defendant's alleged retaliation against Plaintiff for reporting her disparate treatment based on race could reasonably be expected to grow from the Charge. Plaintiff's failure to check the box for retaliation does not rule out that she alleged a retaliation claim -- "the crucial element of a charge of discrimination is the factual statement contained therein."  *B.K.B.*, 276 F.3d at 1100 (quotations and citations omitted).  And construing the allegations in the Charge with the utmost liberality, they sufficiently suggest that Plaintiff was retaliated against for reporting disparate treatment.

Specifically, a retaliation claim requires a plaintiff to establish "(1) involvement in a protected activity, (2) an adverse employment action, and

(3) a causal link between the two." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). "Protected activity" includes an employee's formal or informal complaints to a supervisor regarding unlawful discrimination. *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 506-07 (9th Cir. 2000); *See also Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000) ("Making an informal complaint to a supervisor is also a protected activity."). Further, "causation may be established based on the timing of the relevant actions. Specifically, when adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred." *Passantino*, 217 F.3d at 507; *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (explaining that the causal link between a protected activity and the alleged retaliatory action "can be inferred from timing alone" when there is a close proximity between the two).

With these elements in mind, the Charge plainly asserts that Plaintiff was subjected to disparate treatment on the basis of race and that she complained to management regarding this disparate treatment. Further, as even Defendant's counsel conceded at the September 4, 2012 hearing, the Charge appears to outline events in a chronological format such that it asserts that Plaintiff was subjected to an adverse employment action after she complained to management. Although the

9

Charge does not explicitly state that Plaintiff was mistreated due to her complaints to management, construed with the "utmost liberality," the Charge suggests this element due to the disparate treatment Plaintiff allegedly suffered shortly after complaining to management.

In arguing for summary judgment in both its Motion and Reply, Defendant failed to engage the actual allegations in the Charge and instead offered only summary arguments that Plaintiff's retaliation claim is not sufficiently like or reasonably related to the discrimination claims made in the Charge. Needless to say, conclusory arguments that fail to engage the facts (and in particular, the allegations in the Charge suggesting a retaliation claim) are simply not persuasive and do not carry Defendant's burden on summary judgment.

Further, at the September 4, 2012 hearing, Defendant raised a wholly new argument -- that Plaintiff's retaliation claim fails in light of the *Ellerth/Faragher* defense. As an initial matter, the court does not generally entertain arguments that were not raised in a movant's motion. *See, e.g.*, *Hi-Tech Rockfall Const., Inc. v. Cnty. of Maui*, 2009 WL 529096, at *18 n.9 (D. Haw. Feb. 26, 2009) ("Local Rule 7.4 provides that '[a]ny arguments raised for the first time in the reply shall be disregarded.'"); *Coos Cnty. v. Kempthorne*, 531 F.3d 792, 812 n.16 (9th Cir. 2008) (declining to consider an argument raised for the first time in a

reply brief).  And in any event, Defendant's reliance on the *Ellerth/Faragher* defense is wholly misplaced.  The *Ellerth/Faragher* defense provides that an employer may avoid liability if (1) it exercised reasonable care to prevent and correct promptly any discriminatory behavior; and (2) the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to otherwise avoid them.  *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). It does not stand for the proposition, as argued by Defendant at the September 4, 2012 hearing, that an employee can assert a retaliation claim only after she utilized her employer's formal complaint procedures or filed an EEOC charge.  Rather, the protected activity necessary to support a retaliation claim encompasses informal complaints to the employer, *Passantino*, 212 F.3d at 506, and the *Ellerth/Faragher* defense is an affirmative defense such that Defendant, not Plaintiff, has the burden of establishing its application.  *See Swinton v. Potomac Corp.*, 270 F.3d 794, 804 (9th Cir. 2001).

  The court therefore DENIES Defendant's Motion for Summary Judgment on Plaintiff's Title VII claim that Defendant retaliated against her after she complained of race discrimination.

# V.  **CONCLUSION**

For the reasons stated above, the court GRANTS in part and DENIES in part Defendant's Motion for Partial Summary Judgment.  Remaining in this action are Plaintiff's claims for: (1) disparate treatment and constructive termination on the basis of race (Count I); (2) hostile work environment on the basis of race (Count II); (3) infliction of emotional distress (Count III); (4) retaliation in response to Plaintiff complaining of race discrimination (Count IV; (5) defamation (Count V); (6) invasion of privacy (Count VI); and (7) violation of HRS § 378-61 (Count VII).

Further, Plaintiff may, if she chooses after performing the necessary legal research, file a Rule 15(a) Motion to file an Amended Complaint asserting a claim that Defendant retaliated against Plaintiff for reporting Medicare abuses, by September 21, 2012.  Because the deadline to amend the pleadings has already passed, *see* Doc. No. 29, any Rule 15(a) Motion shall be limited to clarifying Plaintiff's claim that Defendant retaliated against Plaintiff for reporting Medicare abuses.  In other words, Plaintiff may not include any additional claims that were

///

///

not already included in the Complaint.  Any Rule 15(a) Motion shall be

accompanied by the proposed Amended Complaint.

     IT IS SO ORDERED.

     DATED:  Honolulu, Hawaii, September 6, 2012.



         /s/ J. Michael Seabright
         J. Michael Seabright
         United States District Judge

*McNeill v. Kaiser Found. Hosp.*, Civ. No. 11-00679 JMS/BMK, Order Granting in Part and Denying in Part Defendant Kaiser Foundation Hospitals' Motion for Partial Summary Judgment